# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

## NO. 11-254 (L)
## (3:11-CV-00731-JFA)

_____

AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA,

    *Petitioners*,

v.

STATE OF SOUTH CAROLINA,

    *Respondent*.

_____

## NO. 11-255
## (3:11-CV-00729-JFA)

_____

LG DISPLAY CO., LTD.; LG DISPLAY AMERICA, INC.,

    *Petitioners,*

v.

STATE OF SOUTH CAROLINA,

    *Respondent*.

**APPELLANTS' MOTION FOR STAY OF MANDATE**

The mandate in this appeal is scheduled to issue on November 15, 2012 unless it is stayed. Appellants AU Optronics Corporation, AU Optronics Corporation America, LG Display Co., Ltd., and LG Display America, Inc. (collectively "Appellants"), through their undersigned counsel, respectfully move the Court to stay the mandate in this appeal pending the filing of a petition for writ of certiorari in the Supreme Court of the United States. *See* Fed. R. App. P. 41(d)(2); 4th Cir. R. 41.

## SUMMARY

This Court's opinion ("Op.") [Doc. 48] in this appeal addresses an important issue regarding federal jurisdiction on which circuit courts of appeal have split. During oral argument, Judge King recognized the difficulty and importance of the issue when he noted that "the Supreme Court may have to resolve this anyway; I guess they will." Oral Argument at 14:25, *LG Display, Ltd. v. South Carolina,* No. 11-0255, *available at* http://www.ca4.uscourts.gov/ (4th Cir. Sept. 18, 2012).

A stay of mandate is necessary here to allow the Supreme Court an opportunity to resolve this important issue without causing unfair prejudice in these cases and another similar case currently pending.[1] Without a stay the cases

---

[1] On May 15, 2012, the state of South Carolina filed another action in state court that was removed to federal court, *South Carolina v. Chi Mei Optoelectronics, et al.*, No. 3:12-cv-1776-JFA (D.S.C. May 15, 2012). In that action, the state asserts claims against eight defendants that manufacture and/or sell LCD panels that are

2

will be remanded, and Appellants, as well as the defendants in the similar case, may be forced to litigate in state rather than federal court, even if the Supreme Court ultimately agrees with the Fifth Circuit that there is CAFA mass action jurisdiction over these cases.  In contrast, the State will not be harmed by a stay of the mandate.  According to the State's own allegations, the alleged conspiracy ended no later than December 2006.  Thus, there is no allegation of ongoing harm to consumers.  The State seeks only retrospective relief in the form of restitution and penalties.

## BACKGROUND

This appeal involves two separate actions brought by the South Carolina Attorney General in state court that this Court consolidated for purposes of decision and judgment.  [Doc. 47]  Each action asserts restitution claims under the South Carolina Unfair Trade Practices Act ("SCUTPA")[2] on behalf of citizens of South Carolina who purchased products containing LCD panels that were the subject of an alleged price fixing conspiracy occurring primarily in Asia.

---

similar to the claims asserted against Appellants.  That action was removed to federal court based on CAFA mass action jurisdiction.  [*Id*. ECF No. 1 p. 4 (D.S.C. June 27, 2012)]  The State has moved to remand.  [*Id*. ECF No. 19 (D.S.C. July 26, 2012)]  Further proceedings on the motion to remand have been stayed pending a final ruling in this Appeal.  [*Id*. ECF No. 11 p. 2 (D.S.C. June 29, 2012); ECF No. 32 (D.S.C. Oct. 10, 2012)]

[2] Each action also seeks fines and penalties under SCUTPA, S.C. Code Ann. § 39-5-10, *et seq*., and the South Carolina antitrust statute, S.C. Code Ann. § 39-3-10, *et seq*.

Appellants removed their respective actions to federal court claiming, among other grounds, federal jurisdiction under the mass action provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(11). Appellants contended that the citizens whose restitution claims were asserted were real parties in interest to those claims for jurisdictional purposes and, thus, the restitution claims were claims for "monetary relief . . . of 100 or more persons" that are "proposed to be tried jointly" that satisfy CAFA's mass action jurisdiction requirements, including its minimal diversity requirement.

The district court rejected this argument based on its conclusion that the State is the only real party in interest for jurisdictional purposes. The district court recognized, however, that the issue presented was a "difficult" one that had resulted in "conflicting federal court decisions around the country," J.A. 82, and stayed its remand order pending "a final determination as to whether [the district court] has jurisdiction over this case." J.A. 168.

This Court granted Appellants' petitions to appeal the remand order, *AU Optronics Corp.; AU Optronics Corp. Am. v. South Carolina*, No. 11-254(L); *LG Display Co., Ltd.; LG Display Am., Inc. v. South Carolina*, No. 11-255, Order (4th Cir. Oct. 25, 2012), and affirmed, essentially agreeing with the district court that the citizens whose restitution claims are asserted are not real parties in interest for jurisdictional purposes. Op. 15-16. The Court's opinion recognizes, however, that

4

other circuits "have disagreed" on this issue and that its opinion rejects the approach to CAFA mass action jurisdiction followed by the Fifth Circuit in *Louisiana ex rel. Caldwell v. Allstate Ins. Co.,* 536 F.3d 418, 431 (5th Cir. 2008) ("*Caldwell*"). Op. 12. The Court's opinion also acknowledges that its ruling arguably conflicts with the Supreme Court's decision in *Missouri, Kansas, & Texas Railway Co. v. Hickman,* 183 U.S. 53 (1901) ("*Hickman*") and this Court's application of *Hickman* in *Messer v. American Gems, Inc.,* 612 F.2d 1367, 1370 (4th Cir. 1980), both of which concern identifying real parties in interest for jurisdictional purposes. Op. 10.

This appeal was decided October 25, 2012. Therefore, as noted above, under Rule 41(b), the mandate will issue on November 15, 2012, unless it is stayed under Rule 41(d)(2).

## REASONS A STAY SHOULD BE GRANTED

Federal Rule of Appellate Procedure 41(d)(2)(A) provides that a motion "to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court . . . must show that the certiorari petition would present a substantial question and that there is good cause for a stay." As noted in Wright and Miller, this language indicates "the type of showing required to obtain a stay." 16AA Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 3987.1 (4th ed. 2012). This Court's rules similarly provide that a motion to stay

5

the mandate pending a petition for certiorari "must show that the certiorari petition would present a substantial question and set forth good cause for a stay." 4th Cir. R. 41. These grounds for granting a motion for stay of the mandate are present here.

1. **Appellants' petition for certiorari will undoubtedly present a substantial question that has a reasonable probability of receiving Supreme Court review.** This Court's decision to follow the approach of the Seventh and Ninth Circuits by refusing to recognize that the citizens for whom the State seeks restitution are real parties in interest is in direct conflict with the approach of the Fifth Circuit in *Caldwell,* pursuant to which these citizens are real parties in interest for jurisdictional purposes and satisfy CAFA's mass action, minimal diversity, and numerosity requirements. As Judge King recognized during oral argument, this conflict is one that only the Supreme Court can resolve, and one that it should resolve. Under the ruling of this Court, the same circumstances that entitle Appellants to a federal forum in the Fifth Circuit are insufficient to establish federal jurisdiction in the Fourth Circuit.[3] A circuit split is particularly problematic

---

[3] The direct conflict between this Court's opinion and the Fifth Circuit's opinion in *Caldwell* concerning CAFA mass action jurisdiction distinguishes this case from *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.,* 646 F.3d 169 (4th Cir. 2011) *cert. denied*, 132 S. Ct. 761 (2011), where this Court denied a stay of mandate. *CVS Pharmacy* addressed only CAFA class action jurisdiction as to which there was no circuit conflict and, consequently, a much lower likelihood that the Supreme Court would grant certiorari.

6

when it concerns the interpretation of an important federal jurisdictional statute like CAFA, which has far-reaching consequences and affects litigation nationwide. This type of circuit split has a reasonable probability of receiving Supreme Court review.

Supreme Court Rule 10 supports a stay of mandate. The rule identifies circumstances that the Court considers to be "compelling reasons" when considering petitions for certiorari. Two of the three grounds for review listed in the rule exist here. This is a case where "a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter," Sup. Ct. R. 10(a), and it is a case where "a United States court of appeals has decided an important question of federal law . . . in a way that conflicts with relevant decisions of [the Supreme Court]." Sup. Ct. R. 10(c). The question of whether a court that is determining CAFA mass action jurisdiction may ignore the claims of persons on whose behalf a state attorney general seeks restitution claims is undoubtedly an important federal question.[4] This Court's decision conflicts with that of the Fifth Circuit on this important issue and creates a conflict that, as the Court acknowledges, only the Supreme Court can

---

[4] This point is underscored by the fact that the Supreme Court has recently shown a willingness to consider questions of the proper interpretation and application of CAFA and specifically CAFA's amount in controversy requirement. *See The Standard Fire Ins. Co. v. Knowles*, No. 11-1450, 2012 WL 1966025 (Petition for certiorari granted Aug. 31, 2012).

resolve. Additionally, this Court's opinion also agrees that it is at least arguable that its holding conflicts with the Supreme Court's holding in *Hickman* as to the standard for determining real parties in interest for purposes of diversity jurisdiction. Op. 10.

As demonstrated in Appellants' briefs, Appellants can make a strong showing that the Fifth Circuit's position fits CAFA's mass action language and is faithful to the Supreme Court's holding in *Hickman*. Thus, there is at least a reasonable possibility that at least four members of the Supreme Court will vote to grant certiorari and that the Supreme Court will agree with the approach of the Fifth Circuit, adhere to the plain language of CAFA's mass action provisions, and find that there is CAFA mass action jurisdiction over these actions.

2. **There is also good cause for a stay here because Appellants would suffer irreparable harm if a stay were denied and they ultimately prevailed in the Supreme Court.** If the district court's remand order becomes effective, Appellants will be forced to litigate this case in state court, even if the Supreme Court ultimately recognizes their right to a federal forum. This would expose Appellants to irreparable injury. Congress enacted CAFA to expand federal jurisdiction to provide a federal forum for cases of national importance so that out of state defendants could avoid the potential "bias" against them in "[s]tate and local courts" and prevent those courts from "impos[ing] their view of the law on

8

other States and bind[ing] the rights of the residents of those States." CAFA, Pub. L. No. 109-2, § 2(a)(4), 119 Stat. 4, 5 (2005) (codified as amended at 28 U.S.C. § 1711, Findings and Purposes).  Here, the South Carolina Attorney General seeks to impose South Carolina law on Appellants that have no contact with South Carolina and are citizens of foreign nations and states other than South Carolina.  Requiring Appellants to proceed in state court would deprive them of this important protection, negating the benefits of any ultimate victory in the Supreme Court.  Even if Appellants were able to get back into federal court after prevailing in the Supreme Court, they would already have suffered irreparable injury because the case would have proceeded based on the rulings of the wrong court.  The resources of the state courts would have been consumed unnecessarily by litigation that belongs in federal court.  Appellants would have already borne the costs and burdens of presenting its position to the wrong court.  They would also have been required to comply with decisions from that court on important issues, such as, for example, (a) whether to grant Appellants' anticipated motions to dismiss and avoid discovery altogether and (b) what the scope of permissible discovery should be.  The other defendants in the similar case currently pending before the district court[5] would be similarly prejudiced.   The potential of a belated return to federal court

---

[5] *See supra* n.1.

9

would not remedy this type of prejudice. A stay will preserve the status quo and ensure that this case proceeds in the appropriate court.

3. **The Attorney General will not suffer any significant prejudice as a result of a stay.** Any delay that the State will experience if the mandate is stayed is insignificant in light of the fact that there is no allegation of ongoing harm to consumers. Indeed, the Attorney General waited at least four years before bringing suit in the first place. This suit seeks only restitution, civil penalties, and forfeitures based on an alleged price fixing conspiracy that ended no later than December 31, 2006. J.A. 19. These allegations were well known in 2006, when plaintiffs' counsel across the country began filing class actions based on them. Several of these class actions were filed in South Carolina. One of them was a federal class action filed by the same attorney representing the Attorney General in this case. J.A. 43, 44, 50, 54. Yet, the Attorney General waited at least four years to file this action. There is no reason to believe a further, much shorter delay to ensure that Appellants and the other similarly situated defendants receive any protections that CAFA was intended to provide would prejudice the Attorney General in any way.

## CONCLUSION

This action is uniquely positioned for Supreme Court review. The context of this case and the important question presented satisfy the requirements for a stay.

And a stay is necessary to preserve the status quo pending review of this important jurisdictional question. As there is no significant prejudice to the State due to the stay, Appellants respectfully request that this Court stay the mandate.

Respectfully submitted,

By: /s/Henry L. Parr, Jr.
Henry L. Parr, Jr.
Wallace K. Lightsey
Sarah S. Batson
Wade S. Kolb, III
WYCHE, P.A.
44 E. Camperdown Way
Greenville, SC 29601
Tel.: (864) 242-8200
Fax: (864) 235-8900

**Attorneys for Appellants LG Display Co., Ltd. and LG Display America, Inc.**

By: /s/William W. Wilkins
William W. Wilkins
Kirsten E. Small
NEXSEN PRUET, LLC
55 East WayCamperdown (29601)
Post Office Drawer 10648
Greenville, South Carolina 29603-0648
Phone: 864.370.2211
bwilkins@nexsenpruet.com

**Attorneys for Appellants
AU Optronics Corporation and
AU Optronics Corporation America**

11

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 7th day of November, 2012, I caused this Motion for Stay of the Mandate to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>Susan F. Campbell
>MCGOWAN HOOD & FELDER, LLC
>1517 Hampton Street
>Columbia, SC  29201
>
>C. Harvird Jones, Jr.
>Senior Assistant Attorney General
>Post Office Box 11549
>Columbia, SC  29211

Date:  November 7, 2012            By:  /s/Henry L. Parr, Jr.
                                                             Counsel for Appellants LG Display,
                                                             Ltd. and LG America, Inc.